STRANGES, PLAINTIFF-APPELLANT, v. FLIEHMAN, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Monroe County.

No. 368. Decided March 8, 1961.

*Mr. Capel E. Matz* and *Mr. Edmund L. Matz*, for plaintiff-appellant.

*Messrs. Sherry & Christy*, for defendant-appellee.

*Per Curiam.* Parties were engaged as partners in the drilling business. By a brief written agreement parties agreed to dissolve such partnership, with defendant agreeing to purchase plaintiff's partnership share for $15,000.00. Upon defendant's failure to pay said amount to plaintiff, plaintiff filed suit.

Defendant did not deny the agreement, but by cross-petition made the following claims: (1) That plaintiff had damaged good will which was part of the partnership assets purchased by the defendant, to defendant's damage, and had done so by starting a competing business and actively soliciting partnership customers; (2) That plaintiff had further damaged the purchased "good will" by attempting to dissuade those customers from dealing with defendant; and (3) That plaintiff had attempted to influence employees of defendant to terminate their employment with defendant to his damage.

The trial court at the close of the evidence directed a verdict for the plaintiff on plaintiff's petition, but overruled the plaintiff's motion for a directed verdict against defendant on defendant's cross-petition. The jury returned a verdict for the defendant on the cross-petition.

It is the finding of this court that plaintiff's motion for a directed verdict in favor of plaintiff and against defendant on defendant's cross-petition should have been granted for the following reasons:—

First: The dissolution agreement did not require plaintiff not to compete with defendant. In the absence of such an agreement the plaintiff had an absolute right to re-engage in the drilling business. *Burckhardt* v. *Burckhardt,* 42 Ohio St., 474 at 503; 40 American Jurisprudence—Partnership, Section 272; 26 Ohio Jurisprudence (2nd)—"Good Will," Section 9. A withdrawing partner may solicit customers of the partnership so long as he does not represent himself to be the successor

of the business and entitled to the good will thereof. *Brass & Iron Works Co.,* v. *Payne,* 50 Ohio St., 115 at page 118.

Second: There is no evidence that the plaintiff attempted to dissuade any customers from continuing to do business with the defendant.

Third: There is no evidence that any employee of defendant left his employment at plaintiff's instance or request, or that damage resulted to the defendant from any claimed attempt of the plaintiff to so influence the defendant's employees.

This is a simple action in contract and yet this dispute has resulted in a 220 page bill of exceptions involving evidence admitted on answer and cross-petition which state neither a defense nor a counter-claim.

There are many errors as revealed by this record, but the only prejudicial error found is that against the plaintiff-appellant wherein the court below failed to sustain plaintiff's motion to direct a verdict against the defendant on the cross-petition.

For this purpose the cause is remanded to the trial court with instructions to enter judgment for plaintiff in accordance with the prayer of the petition and against the defendant on defendant's cross-petition notwithstanding the verdict of the jury.

GRIFFITH, P. J., DONAHUE and BROWN, JJ., concur.